# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-707V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| WILLIE GRIFFIN, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | Filed: October 3, 2018 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 30, 2017, Willie Griffin filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of his October 1, 2014, influenza ("flu") vaccine. The parties filed a stipulation for damages on August 3, 2018 (ECF No. 27), which I adopted as my Decision awarding damages on the same day (ECF No. 28).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 24, 2018 (ECF No. 532) ("Fees App."), requesting reimbursement in the total amount of $19,524.15 (representing $17,720.50 in attorney's fees, plus $1,803.65 in costs). Fees App. at 3. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* Respondent reacted to the motion on August 30, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 33 at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$19,524.15.**

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates of compensation for his attorneys: for Mr. Jeffrey Pop, $420.00 per hour for work performed in 2017-2018; for Ms. Kristina Grigorian, $250.00 per

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

hour for work performed in 2017-2018; for Ms. Alexandra Pop, $225 for work performed in 2017-2018. Fees App. Ex. 2 at 2. Petitioner also requests that law clerks be compensated at $125.00 per hour for all work performed regardless of year. *Id.*

The rates requested for the attorneys and law clerks in this case are consistent with what myself and other special masters have awarded Mr. Pop's firm for their work on Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2018); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment to the requested rates is necessary.

Additionally, the overall hours spent on this matter (72.4) appear to be reasonable. Although the Petition was filed on May 30, 2017, the billing records indicate that work in this case began nearly one year earlier, on July 6, 2016. Fees App. Ex. 2 at 3. Ultimately, counsel's time appears to have been well spent – the medical records were filed shortly after the petition and I was able to enter a 15-Week Stipulation order less than one year after filing of the petition. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable. Accordingly, based on the rates determined, I will award Petitioner a total of **$17,720.50** in attorney's fees.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,803.65 in overall costs. Petitioner's costs, which are for medical record retrieval, postage, and the court's filing fee, are all costs typically incurred in Vaccine Program Cases. Fees App. Ex. 3 at 2. Petitioner has provided adequate documentation of these casts, and I shall award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$19,524.15** (representing $17,720.50 in attorney's fees and $1,803.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Jeffrey Pop, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.